In re Jacob F. **BUTCHER**, a/k/a Jake F. Butcher, and Jake Butcher, Debtor.

**Bankruptcy No. 3–83–01036.**

United States Bankruptcy Court, E.D. Tennessee.

Oct. 19, 1983.

Bernstein, Susano, Stair & Cohen, Bernard E. Bernstein, Knoxville, Tenn., for Bank of Williamsburg.

Neal & Harwell, William T. Ramsey, Nashville, Tenn., for debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CLIVE W. BARE, Bankruptcy Judge.

On June 29, 1983, an involuntary chapter 7 proceeding was commenced against the debtor by three petitioning creditors. An order for relief was entered on August 22, 1983. Prior to the entry of the order for relief, on August 4, 1983, the Bank of Williamsburg, a Kentucky banking corporation, filed its petition to join the involuntary petition as an intervening creditor, 11 U.S. C.A. § 303(c) (1979). Trial on this intervening petition was held on September 23, 1983.

## FINDINGS OF FACT

The Bank of Williamsburg (Bank) is the payee of a note dated January 30, 1981, in the principal amount of $125,000.00, from General Equipment Company (now known as Valley Machinery Corporation). A guaranty agreement, also dated January 30, 1981, was executed by the debtor contemporaneously with the execution of the General Equipment note. The indebtedness on this note has been reduced to judgment in Case No. CIV. 3–83–154 in the United States District Court for the Eastern District of Tennessee, Northern Division; an order for judgment in the amount of $135,024.30 against General Equipment Company and Valley Machinery Corporation was entered on July 6, 1983.

The Bank is also the payee of a note dated April 5, 1980, in the principal amount of $225,000.00, executed by the debtor as president of JFB Petroleum & Land Company, a Tennessee corporation. This note is also secured by a guaranty agreement of the debtor executed contemporaneously with the corporate note. The indebtedness on this second note has likewise been reduced to judgment in Case No. CIV. 3–83–155 in the United States District Court for the Eastern District of Tennessee, Northern Division; an order for judgment in the amount of $249,625.00 against JFB Petroleum and Land Co., Inc. was also entered on July 6, 1983.

Both notes include a term providing for extension or renewal "from time to time as the holder may desire without thereby releasing any party hereto." Extensions of time for payment were apparently routinely granted by the Bank on both notes.[1]

Both notes were in default when the aforementioned orders for judgment were entered. No payment had been made against either judgment as of the trial date of the Bank's intervening petition.

---

1. The General Equipment Company note was due on April 30, 1981, but seven extensions were granted on this note. (See Exhibit 9.) The JFB Petroleum & Land Company note was a renewal note payable on demand. However, the Bank's records reflect five "extensions" on this note. (See Exhibit 14.)

The debtor's guaranty agreement of the General Equipment Company note recites in part:

> For good and valuable consideration the receipt of which is hereby acknowledged, and in order to induce the Bank of Williamsburg (hereinafter called the "Bank") to extend credit to General Equipment Company (hereinafter called the "Borrower"), the undersigned jointly and severally, hereby *guarantee to the Bank, absolutely and unconditionally,* the *payment of all the Borrower's liabilities,* obligations and indebtednesses, whether direct or indirect, absolute or contingent, (hereinafter collectively called "Liabilities") *to the Bank.*
>
> The undersigned agree that with or without notice or demand, the undersigned will reimburse the Bank to the extent that such reimbursement is not made by the Borrower for all expenses (including attorney's fees) incurred by the Bank in connection with the Liabilities of the Borrower or the collection thereof.
>
> .     .     .     .     .
>
> The undersigned hereby consent that from time to time ... the Liabilities of the Borrower ... may be changed, altered, renewed, extended, continued, surrendered, compromised, waived or released, in whole or in part ... and the Bank may ... extend further credit in any manner whatsoever to the Borrower ... and the undersigned shall remain bound under this guaranty notwithstanding any such exchange, surrender, release, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing.
>
> With respect to all of the Borrower's Liabilities, or the notes evidencing same, the undersigned hereby ... (c) waives all defenses to the payment thereof; (d) consents to any extension or postponement as to the time of payment without limit as to the number of such extensions, or the period or periods thereof; (e) consents to any other indulgence.... (Emphasis added.)

Identical terms are included in the debtor's guaranty agreement pertaining to the $225,000.00 note of JFB Petroleum & Land Company.

It has been stipulated that the debtor maintained his principal residence and principal place of business in the Eastern District of Tennessee within the 180-day period immediately preceding the filing of the involuntary petition; that the debtor is a "person," 11 U.S.C.A. § 101(30) (1979), against whom an order for relief may be entered; and that the debtor is generally not paying his debts as they become due.

## CONCLUSIONS OF LAW

The Bank of Williamsburg is the holder of a noncontingent, unsecured claim, 11 U.S.C.A. § 101(4) (1979), against the debtor. The extensions of the due date by the Bank of the General Equipment Company and JFB Petroleum & Land Co. notes guaranteed by the debtor did not nullify, release, or otherwise affect the debtor's guaranty of those obligations. The Bank of Williamsburg is entitled to join in the original involuntary petition with the same effect as if the Bank were an original petitioning creditor. 11 U.S.C.A. § 303(c) (1979).